IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HAKIM, | ) | **PLAINTIFF DEMANDS** |
| | ) | **A JURY TRIAL** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 1:15-cv-06487 |
| | ) | |
| SAFARILAND, LLC and | ) | Honorable Thomas M. Durkin, |
| DEFENSE TECHNOLOGY | ) | Judge Presiding |
| CORPORATION OF AMERICA, | ) | |
| | ) | Magistrate Judge: Jeffrey Cole |
| Defendants. | ) | |

# FIRST AMENDED COMPLAINT AT LAW

## JURISDICTION AND VENUE

1. That on the 11th day of December, 2014, and at all material times, the plaintiff, David Hakim, was a citizen of the state of Illinois.

2. That on the 11th day of December, 2014, and at all material times, the defendant, Safariland, LLC, was a citizen of the state of Florida. The defendant is incorporated in the state of Florida and has its principal place of business at 13386 International Parkway, Jacksonville, Florida.

3. That on the 11th day of December, 2014, and at all material times, the defendant, Defense Technology Corporation of America, was a citizen of the state of Wyoming. The defendant has its principal place of business at 1855 South Loop, Casper, Wyoming.

4. Defendant Safariland, LLC does business in the state of Illinois and derives substantial profits from its sales in the state of Illinois and this district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action has a controversy in excess of $75,000 and is between citizens of different states.

6. This Court has personal jurisdiction over the defendant, Safariland, LLC, because it is authorized to and does conduct business in the state of Illinois, generally and with regard to this particular action, that the exercise of personal jurisdiction does not offend the traditional notions of fair play and substantial justice.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to the claim occurred in this district.

**COUNT I**
**PRODUCT LIABILITY – MANUFACTURING DEFECT**

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1. On and prior to the 11th day of December, 2014, the plaintiff, David Hakim, was employed by the DuPage County Sheriff's Office in the state of Illinois as a law enforcement officer assigned to the DuPage County Special Operations Team (hereinafter referred to as the "SWAT Team") and was a team leader and skill instructor for the entry team.

2. On the 11th day of December, 2014, the SWAT Team training was on breaching by various methods, including explosives, shotgun and mechanical tools/methods (hereinafter referred to as "Shotgun Breaching Training").

2

3. On the 11th day of December, 2014, a live fire breaching training station was set up in the basement of a residence located at 805 West 58th Place in Hinsdale, Illinois, a residence that was scheduled for tear down.

4. At that time and place, the plaintiff, David Hakim, was on the first floor of the aforesaid residence, along with other SWAT Team members, and was working at training safety ensuring that unauthorized personnel did not enter the residence nor did any SWAT Team members wander from station to station during the live fire training.

5. That at that time and place, the product used for the Shotgun Breaching Training was a Safariland Def-Tech TKO Breaching Round, which was designed and manufactured by the defendant, Def-Tech, who since at least 2003 has been owned by the umbrella company, Safariland.

6. At the time the product in question was sold, the defendants, Safariland and Def-Tech, and each of them, were in the business of designing, manufacturing and selling products such as the one in question.

7. That the Safariland Def-Tech TKO Breaching round is advertised as follows: (1) disintegrates on contact; (2) instantly delivers full energy to door/lock as it turns to dust; (3) is safe to use at close distances; and (4) the 12-guage TKO Breaching Round is used for entry during tactical operations, and when properly deployed, the TKO is capable of defeating door lock mechanisms, door knobs, hinges, dead bolts, safety chains and pad locks on both wooden or hollow core doors.

8. At the time the product in question was manufactured and sold by the defendants, Safariland and Def-Tech, and each of them, it was defective and unreasonably dangerous as manufactured, and the defective and unreasonably dangerous

3

condition of the product was a proximate cause of the injuries and damages to the plaintiff, David Hakim.

9. The Safariland Def-Tech TKO Breaching Round product was used in a foreseeable manner; nonetheless, the use of the product was unreasonably dangerous and caused severe injuries to the plaintiff, David Hakim.

10. At the time the product in question was manufactured and sold, the defective manufacture of the product caused the product to unexpectedly fail to function in a manner reasonably expected by the users of such product. The defective and unreasonably dangerous design and manufacture of the product was a proximate cause of the injuries and damage to the plaintiff, David Hakim.

11. At the time of the accident, the product was in substantially the same condition as it was at the time it was placed into the stream of commerce. No material alterations were made to the product. At the time of the accident, the product was in the same or substantially similar condition as when it left the control of defendants.

12. There were safer alternative designs other than the one used, which were economically and technologically feasible that would have prevented or significantly reduced the risk of accident and/or injury in question without substantially impairing the product's utility. These safer designs were available in the market and were technologically and economically feasible at the time the Def-Tech TKO Breaching Round was designed and manufactured and would not have impaired the utility of the product.

13. That as a direct and proximate result of one or more of the aforesaid design and manufacturing defects, the Safariland Def-Tech TKO Breaching Round fired by a SWAT Team member in the basement of the aforesaid location at a closet door

4

struck the hinge, traveled through the wooden door into the closet and traveled through the stair riser in the closet, striking and breaking the carrier for the rifle plate armor, denting the rifle plate armor, and then deflected downward breaking through plaintiff's spine and coming to rest in his spinal canal.

14. As a direct and proximate result of the aforesaid manufacturing defects, the plaintiff, David Hakim, suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains heh would have realized but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT II
## PRODUCT LIABILITY – DESIGN DEFECT

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1-13. Plaintiff realleges and readopts paragraphs 1 through 13 of Count I as and for paragraphs 1 through 13 of Count II, as though fully set forth herein.

14. As a direct and proximate result of the aforesaid design defects, the plaintiff, David Hakim, suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will

5

suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains heh would have realized but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT III
## PRODUCT LIABILITY – FAILURE TO WARN

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1-13. Plaintiff realleges and readopts paragraphs 1 through 13 of Count I as and for paragraphs 1 through 13 of Count III, as though fully set forth herein.

14. Defendants, as manufacturers of breaching rounds are held to the level of knowledge of an expert in this field, and further, defendants knew or should have known that warnings and other relevant information and data which it distributed regarding the types of objects the breaching rounds must strike to disintegrate.

15. Plaintiff, David Hakim, did not have the same knowledge as defendants and no adequate warning or other relevant information and data was communicated to plaintiff, David Hakim, or other members of the SWAT team.

16. Defendants had a continuing duty to provide consumers, including plaintiff, David Hakim, and retailers with warnings and other relevant information and

6

data regarding the risks and dangers associated with their Def-Tech TKO breaching round as it became or could have become to defendants.

17. Defendants marketed, promoted, distributed and sold the unreasonably dangerous and defective TKO breaching rounds to consumers, including plaintiff, David Hakim and members of the SWAT team, without adequate warnings and relevant information and data. Through both omission and affirmative misstatements, defendants misled the community about the risks of their TKO breaching rounds, which resulted in an injury to the plaintiff, David Hakim.

18. Defendants knew or should have known that consumers, plaintiff, David Hakim, specifically, would foreseeably and needlessly suffer injury or death as a result of defendants' failures.

19. Defendants failed to provide timely and adequate warnings to consumers and retailers, including plaintiff, David Hakim, in the following ways:

>   (a) defendants failed to include adequate warnings and/or provide adequate relevant information and data that would alert plaintiff, David Hakim, to the dangerous risk of the TKO Breaching rounds including, among other things, what objects the breaching rounds must strike to disintegrate.
>
>   (b) defendants failed to provide adequate post-marketing warnings and instructions after the defendants knew or should have known of the significant risk of, among other things, the failure of the breaching rounds to disintegrate after striking an object.

20. Defendants had an obligation to provide plaintiff, David Hakim, with adequate relevant information, data and warnings regarding the proper use and risks associated with the use of their Def-Tech TKO breaching rounds and/or that there existed safer and more or equally effective alternative products.

21. As a direct and proximate result of the aforesaid failures to warn, the plaintiff, David Hakim, suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains heh would have realized but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT IV
## PRODUCT LIABILITY – NEGLIGENCE

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1-6. The plaintiff, David Hakim, hereby realleges and readopts paragraphs 1 through 6 of Count I as and for paragraphs 1 through 6 of Count II, as though fully set forth herein.

7. Defendants, Safariland and Def-Tech, and each of them, committed acts of omission and commission, which collectively constituted negligence and which were a proximate cause of the injuries and damages of plaintiff, David Hakim.

8. That at the time the Safariland Def-Tech TKO Breaching Round left the control of the defendants, Safariland and Def-Tech, and each of them, they had a duty to

8

exercise due care and caution for the safety of consumers, including the plaintiff, David Hakim.

9. That notwithstanding the aforesaid duty, the defendants, Safariland and Def-Tech, and each of them, by and through their duly authorized agents, servants and employees, were guilty of one or more of the following negligent acts and/or omissions:

(a) negligently manufactured and sold the Safariland Def-Tech TKO Breaching Round in that it did not disintegrate on contact;

(b) negligently manufactured and sold the Safariland Def-Tech TKO Breaching Round in that it did not defeat the door hinge and break up, but continued to travel through the barriers separating the basement ceiling and first level flooring and striking the bottom edge of the back plate of plaintiff's rifle plate armor, a material that was hard enough to stop high velocity rifle rounds;

(c) negligently failed to test the Safariland Def-Tech TKO Breaching Round to insure that it would disintegrate on contact;

(d) negligently failed to test the Safariland Def-Tech TKO Breaching Round to insure that it would defeat door lock mechanisms, door knobs, door hinges, dead bolts, safety chains and pad locks on both wooden or hollow core doors and turn to dust;

(e) negligently failed to insure that the Safariland Def-Tech TKO Breaching Round achieved its advertised performance by being a compressed zinc round;

(f) failed to warn consumers, including the plaintiff, David Hakim, and SWAT team members of the objects their breaching rounds must strike to disintegrate.

10. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, of the defendants, Safariland and Def-Tech, and each of them, the Safariland Def-Tech TKO Breaching Round traveled an estimated distance of approximately 15 feet through the barriers separating the basement ceiling and the first level flooring and struck the bottom edge of the back plate of plaintiff's rifle plate armor, and the round dented/bent the armor and deflected at a downward angle ultimately

9

breaking through plaintiff's spine and came to rest in his spinal canal, thereby causing the plaintiff, David Hakim, to suffer severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains he otherwise would have realized, but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

### COUNT V
### *RES IPSA LOQUITUR* - **NEGLIGENCE**

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1-8  The plaintiff realleges and readopts paragraphs 1 through 8 of Count II as and for paragraphs 1 through 8 of Count III, as though fully set forth herein.

9.  That the injuries sustained by the plaintiff, David Hakim, were caused by an instrumentality within the exclusive control of the defendants, Safariland and Def-Tech, and each of them, by and through their duly authorized agents, servants and employees.

10.  That as a direct and proximate result of the negligent acts and/or omissions of the defendants, Safariland and Def-Tech, and each of them, by and through their duly authorized agents, servants and employees, the plaintiff, David Hakim, suffered severe

and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains he otherwise would have realized, but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

## COUNT VI
### *RES IPSA LOQUITUR* – STRICT LIABILITY

Now comes the Plaintiff, David Hakim, by and through his attorney, Edmund J. Scanlan, and as his complaint against the Defendants, Safariland, LLC (hereinafter referred to as "Safariland"), and Defense Technology Corporation of America (hereinafter referred to as "Def-Tech"), and each of them, states as follows:

1-11    The plaintiff realleges and readopts paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of Count IV, as though fully set forth herein.

12.    That the injuries sustained by the plaintiff, David Hakim, were caused by an instrumentality within the exclusive control of the defendants, Safariland and Def-Tech, and each of them, by and through their duly authorized agents, servants and employees.

13.    That as a direct and proximate result of the negligent acts and/or omissions of the defendants, Safariland and Def-Tech, and each of them, by and through their duly authorized agents, servants and employees, the plaintiff, David Hakim, suffered severe and permanent injuries, and he has and will expend large sums of money in an effort to be cured of his injuries, and he has and will suffer great pain and discomfort as a result of

11

these injuries, and he has and will remain disabled as a result of these injuries, and he has and will lose great gains he otherwise would have realized, but for said injuries.

Wherefore, the Plaintiff, David Hakim, demands judgment against the Defendants, Safariland, LLC and Defense Technology Corporation of America, and each of them, in a sum in excess of Seventy Five Thousand Dollars, plus the costs of this lawsuit.

/s/ Edmund J. Scanlan
Attorney for Plaintiff, David Hakim

Edmund J. Scanlan
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, Illinois  60603
Telephone:  (312) 422-0343
Facsimile:  (312) 422-0358
Email:      ejs@scanlanlawgroup.com
ARDC #:    2466643

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I electronically filed the foregoing *First Amended Complaint at Law* with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF registered participants with the System:

Gerard T. Noce  gtn@heplerbroom.com
Kurt A. Hentz kah@heplerbroom.com
HeplerBroom LLC
One Metropolitan Square
211 North Broadway, Suite 2700
St. Louis, MO  63102

John W. Patton, Jr. jpatton@pattonryan.com
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL  60611

Whitney L. Burkett wburkett@pattonryan.com
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL  60611

Steven Niemeyer sniemeyer@pattonryan.com
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL  60611

*/s/ Edmund J. Scanlan*
Edmund J. Scanlan
Attorney for Plaintiff
8 South Michigan Avenue, Suite 2700
Chicago, Illinois  60603
Telephone: (312) 422-0343
Facsimile: (312) 422-0358
Email: ejs@scanlanlawgroup.com
ARDC #: 02466643